UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO: 11-Cr-10406 |
| ) | |
| v. ) | WIRE FRAUD |
| ) | 18 U.S.C. § 1343 |
| MARC D. FOLEY, ) | UNLAWFUL MONETARY TRANSACTION |
| Defendant ) | 18 U.S.C. § 1957 |
| ) | AIDING AND ABETTING |
| ) | 18 U.S.C. § 2 |
| ) | CRIMINAL FORFEITURE |
| ) | 18 U.S.C. §§ 981, 982 and |
| ) | 28 U.S.C. § 2461(c) |

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

## THE DEFENDANT

1.    Defendant MARC D. FOLEY (hereinafter "FOLEY") was an individual who resided in Needham, Massachusetts.

2.    FOLEY was an attorney licensed to practice law in the Commonwealth of Massachusetts. FOLEY maintained a law office as Marc D. Foley, P.C., concentrating in real estate closings. At times pertinent to this Indictment, FOLEY maintained offices at 220 Reservoir Street and 40 Freeman Place in Needham, Massachusetts.

3.    FOLEY employed S.R. as an associate attorney. S.R. worked for, and under the supervision and direction of, FOLEY.

1

4.     A substantial portion of FOLEY's law practice consisted of real estate closings and related matters referred from Mass Lending, LLC ("Mass Lending"), a mortgage broker and loan originator, which also had a principal place of business at 220 Reservoir Street in Needham, Massachusetts.

5.     FOLEY operated and controlled an IOLTA bank account No. XXXXXX9335 in the name of Law Office Of Marc D. Foley, P.C. at Citizens Bank in Newton, Massachusetts.

## THE DEVELOPER

6.     E.R. (hereinafter "the Developer") was the owner and operator of Mass Lending.

7.     The Developer was also the sole shareholder, President, Treasurer, Secretary and Director of Mass Equity Holdings, Inc. ("Mass Equity"), a corporation organized within the Commonwealth of Massachusetts for the purpose of engaging in real estate transactions. The Developer operated and maintained bank account No. XXXXXX6015 in the name of Mass Equity Holdings at Citizens Bank in Needham, Massachusetts.

## THE MORTGAGE LENDERS

8.     Taylor, Bean & Whitaker Mortgage Corporation ("TBW") was a real estate mortgage company with a principal place of business at Ocala, Florida.

9.     New Century Mortgage Corporation ("New Century") was a real estate mortgage company with a principal place of business at Irvine, California.

10.    Fremont Investment & Loan ("Fremont") was a real estate mortgage company with a principal place of business at Anaheim Hills, California.

11.    Argent Mortgage Co., LLC ("Argent") was a real estate mortgage company with a principal place of business at Irvine, California.

2

12.     IndyMac Bank, F.S.B. ("IndyMac") was a federally insured financial institution with a principal place of business at Pasadena, California.

13.     American Brokers Conduit ("American Brokers") was a real estate mortgage company with a principal place of business at Dallas, Texas.

14.     TBW, New Century, Fremont, Argent, IndyMac and American Brokers are collectively referred to herein as "the mortgage lenders."

## THE STRAW BUYERS

15.     As used in this Indictment, the term "straw buyer" refers to an individual in whose name title to real property was taken and in whose name financing from mortgage lenders was fraudulently obtained. Straw buyers described in this Indictment provided no funds, paid no closing costs, and generally had neither the  personal capacity nor personal intent to repay the mortgage loan.

## OVERVIEW OF THE SCHEME TO DEFRAUD

16.     From in or about December of 2006 to in or about January of 2007, defendant FOLEY, together with the Developer and others known and unknown to the Grand Jury, engaged in a scheme to defraud the mortgage lenders and to obtain money, funds, credits, assets, and other property in connection with the financing of residential real estate purchases of condominiums at 135 Neponset Avenue in Dorchester, Massachusetts in the names of straw buyers recruited by the Developer and others known and unknown to the Grand Jury.

3

17.     It was part of the scheme to defraud that the Developer purchased multi-family
buildings for conversion to condominiums and for resale of the condominiums as individual units.
The Developer and others acting in concert with the Developer induced straw buyers to purchase the
condominiums as "so-called" investment properties at prices set by the Developer.

18.     It was part of the scheme to defraud that the Developer promised straw buyers that
the condominium units would be purchased in the names of the straw buyers without any funds
being paid by the straw buyers to purchase the units. The Developer further promised incentive
payments in the form of kickbacks to induce straw buyers to purchase condominium units as
investments.

19.     It was part of the scheme to defraud that the Developer prepared mortgage loan
applications and supporting documents that:

        (A)     reflected inflated purchase prices for the condominiums;

    and (B)     misrepresented the straw buyers' income and assets.

20.     It was part of the scheme to defraud that FOLEY agreed with the Developer to act
as the settlement agent, to prepare loan closing documents, and to conduct the closings of
mortgage loans in the names of the straw buyers.

21.     It was part of the scheme to defraud that FOLEY and the Developer caused the
preparation and execution of loan closing documents, including HUD-1 Settlement Statements,
that falsely represented the straw buyers would pay, and did pay, funds at or in connection with
the closings associated with the mortgage loans.

22.     It was part of the scheme to defraud that FOLEY caused false loan closing
documents to be created, including HUD-1 Settlement Statements that falsely represented that

4

the closing attorney had collected "cash from borrower" at the closings and that falsely represented the amount of funds paid to sellers. FOLEY caused the false HUD-1 Settlement Statements to be submitted to lenders.

23.     It was part of the scheme to defraud that FOLEY routinely completed closings and caused his employees to complete closings for which the borrowers did not pay "cash from borrower," contrary to representations to mortgage lenders on the loan closing documents. FOLEY withheld and concealed this fact from the mortgage lenders.

24.     It was part of the scheme to defraud that FOLEY caused seller proceeds to be "netted," that is, FOLEY subtracted from the seller proceeds reported on the HUD-1 Settlement Statements the amount of "cash from borrower" represented as having been collected from borrowers. FOLEY withheld and concealed this fact from the mortgage lenders.

25.     It was part of the scheme to defraud that FOLEY and the Developer created and executed so-called "Disbursement Authorizations" whereby the Developer authorized FOLEY to subtract from seller proceeds the amount of funds that were fraudulently represented as having been collected from borrowers. FOLEY withheld and concealed the so-called "Disbursement Authorizations" from the mortgage lenders.

26.     It was part of the scheme to defraud that on two or more occasions FOLEY and the Developer caused fraudulent official bank cashier checks to be created to falsely represent that FOLEY had received funds from the borrowers. On one or more occasion, FOLEY caused a copy of the fraudulent official bank cashier check to be forwarded to the mortgage lender to falsely verify the receipt of funds from the borrower.

5

27.     It was part of the scheme to defraud that FOLEY and the Developer routinely used interstate wire communications, including wire transfers of mortgage loan funds from mortgage lenders.

28.     It was part of the scheme to defraud that, on multiple dates, FOLEY and the Developer fraudulently caused the mortgage lenders to transfer loan proceeds in the aggregate amount of $ 4,922,175.86, more or less, by wire in interstate commerce to the IOLTA account No. xxxxxx9335 operated and maintained by FOLEY at Citizens Bank.

29.     It was part of the scheme to defraud that FOLEY caused mortgage loan proceeds to be disbursed from his IOLTA account at Citizens Bank to the Developer as seller's proceeds. The amounts FOLEY disbursed to the Developer were "net" of the amounts falsely represented to the mortgage lenders as having been collected by FOLEY from straw buyers at, and in connection with, the closings.

30.     It was part of the scheme to defraud that FOLEY and the Developer caused mortgage loan proceeds in the amount of $ 2,010,441, more or less, to be disbursed from FOLEY's bank account to the Developer.

## EXECUTION OF THE FRAUD

### 135 Neponset Avenue, Dorchester, Massachusetts

31.     On or about December 14, 2006, the Developer purchased a building containing twenty four (24) units at 135 Neponset Avenue in Dorchester, Massachusetts for $2,285,000 in the name of Neponset Trust. The Developer subsequently transferred title from the name of Neponset Trust to Mass Equity and converted the individual units into condominiums for resale.

32. From in or about December 2006 to in or about January 2007, the Developer and others acting in concert with the Developer recruited straw buyers to purchase the condominium units. The Developer and others acting in concert with the Developer assured the straw buyers that they would not have to make a down payment and would not have to pay any funds at, or in connection with, the closing. The Developer and others acting in concert with the Developer further induced straw buyers to purchase condominiums by offering kickbacks in amounts from $20,000 to $35,000 per unit purchased.

33. FOLEY caused closing documents to be prepared and executed which fraudulently represented to the mortgage lenders that funds had been collected from straw buyers at, and in connection with, the closings.

34. On various dates between December 19, 2006, and January 12, 2007, FOLEY conducted and directed others to conduct closings for the purchase and sale of each of the twenty four (24) condominium units.

35. In this manner, on various dates between December 19, 2006 and January 12, 2007, FOLEY and the Developer caused wire transfers from mortgage lenders to be deposited into the IOLTA account operated and maintained by FOLEY at Citizens Bank.

36. On various dates between December 19, 2006 and January 12, 2007, FOLEY disbursed, and directed the disbursement of, loan proceeds to the Developer and for the benefit of the Developer.

7

## COUNTS ONE through THIRTY-THREE
### (Wire Fraud – 18 U.S.C. § 1343)

37.    The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 36 of this Indictment, and further charges that:

38.    On or about the dates set forth below, in the District of Massachusetts and elsewhere,

### MARC D. FOLEY,

the defendant herein, together with others known and unknown to the Grand Jury, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of material false and fraudulent pretenses, representations, and promises, did cause writings, signs, signals, pictures and sounds to be transmitted by means of wire communication in interstate commerce for the purpose of executing such scheme, to wit, wire transfers and associated on-line notices, instructions and inquiries regarding the transfer of mortgage loan proceeds, as follows:

| COUNT | DATE | PROPERTY | LENDER | WIRE COMMUNICATION |
|-------|------|----------|--------|--------------------|
| 1 | 12/19/2006 | 135 Neponset Avenue Unit #2 | TBW | $160,777.59 transfer of funds from Washington Mutual Bank, F.A. in Stockton, California to FOLEY's IOLTA account at Citizens Bank |
| 2 | 12/19/2006 | 135 Neponset Avenue Unit #2 | TBW | $57,322.37 transfer of funds from Colonial Bank, N.A. in Kissimmee, Florida to FOLEY's IOLTA account at Citizens Bank |
| 3 | 12/19/2006 | 135 Neponset Avenue Unit #6 | TBW | $131,687.41 transfer of funds from Washington Mutual Bank, F.A. in Stockton, California to FOLEY's IOLTA account at Citizens Bank |

| 4 | 12/19/2006 | 135 Neponset Avenue Unit #6 | TBW | $24,907.88 transfer of funds from Colonial Bank, N.A. in Kissimmee, Florida to FOLEY's IOLTA account at Citizens Bank |
| 5 | 12/19/2006 | 135 Neponset Avenue Unit #4 | TBW | $163,517.08 transfer of funds from Washington Mutual Bank, F.A. in Stockton, California to FOLEY's IOLTA account at Citizens Bank |
| 6 | 12/19/06 | 135 Neponset Avenue Unit #4 | TBW | $30,618.07 transfer of funds from Colonial Bank, N.A. in Kissimmee, Florida to FOLEY's IOLTA account at Citizens Bank |
| 7 | 12/20/06 | 135 Neponset Avenue Unit #42 | TBW | $206,069.23 transfer of funds from Washington Mutual Bank, F.A. in Stockton, California to FOLEY's IOLTA account at Citizens Bank |
| 8 | 12/20/06 | 135 Neponset Avenue Unit #42 | TBW | $30,169.24 transfer of funds from Colonial Bank, N.A. in Kissimmee, Florida to FOLEY's IOLTA account at Citizens Bank |
| 9 | 12/20/06 | 135 Neponset Avenue Unit #26 | TBW | $183,966.50 transfer of funds from Washington Mutual Bank, F.A. in Stockton, California to FOLEY's IOLTA account at Citizens Bank |
| 10 | 12/20/06 | 135 Neponset Avenue Unit #26 | TBW | $22,911.20 transfer of funds from Colonial Bank, N.A. in Kissimmee, Florida to FOLEY's IOLTA account at Citizens Bank |
| 11 | 12/20/06 | 135 Neponset Avenue Unit #31 | TBW | $219,690.86 transfer of funds from Washington Mutual Bank, F.A. in Stockton, California to FOLEY's IOLTA account at Citizens Bank |
| 12 | 12/20/06 | 135 Neponset Avenue Unit #31 | TBW | $27,384.68 transfer of funds from Colonial Bank, N.A. in Kissimmee, Florida to FOLEY's IOLTA account at Citizens Bank |

| 13 | 12/20/06 | 135 Neponset Avenue Unit #32 | TBW | $219,690.86 transfer of funds from Washington Mutual Bank, F.A. in Stockton, California to FOLEY's IOLTA account at Citizens Bank |
|----|----------|------------------------------|-----|----------------------------------|
| 14 | 12/20/06 | 135 Neponset Avenue Unit #32 | TBW | $27,391.56 transfer of funds from Colonial Bank, N.A. in Kissimmee, Florida to FOLEY's IOLTA account at Citizens Bank |
| 15 | 12/20/06 | 135 Neponset Avenue Unit #43 | TBW | $163,736.86 transfer of funds from Washington Mutual Bank, F.A. in Stockton, California to FOLEY's IOLTA account at Citizens Bank |
| 16 | 12/20/06 | 135 Neponset Avenue Unit #43 | TBW | $20,414.08 transfer of funds from Colonial Bank, N.A. in Kissimmee, Florida to FOLEY's IOLTA account at Citizens Bank |
| 17 | 12/22/06 | 135 Neponset Avenue Unit #25 | New Century | $219,167.20 transfer of funds from Deutsche Bank Trust Co. Americas in New York, New York to FOLEY's IOLTA account at Citizens Bank |
| 18 | 12/22/06 | 135 Neponset Avenue Unit #24 | New Century | $193,379.60 transfer of funds from Deutsche Bank Trust Co. Americas in New York, New York to FOLEY's IOLTA account at Citizens Bank |
| 19 | 12/22/06 | 135 Neponset Avenue Unit #45 | New Century | $219,248.00 transfer of funds from Deutsche Bank Trust Co. Americas in New York, New York to FOLEY's IOLTA account at Citizens Bank |
| 20 | 12/27/06 | 135 Neponset Avenue Unit #41 | TBW | $206,721.03 transfer of funds from Colonial Bank, N.A. in Kissimmee, Florida to FOLEY's IOLTA account at Citizens Bank |
| 21 | 12/27/06 | 135 Neponset Avenue Unit #41 | TBW | $30,209.41 transfer of funds from Colonial Bank, N.A. in Kissimmee, Florida to FOLEY's IOLTA account at Citizens Bank |

| 22 | 12/27/06 | 135 Neponset Avenue Unit #3 | TBW | $164,127.60 transfer of funds from Colonial Bank, N.A. in Kissimmee, Florida to FOLEY's IOLTA account at Citizens Bank |
|---|---|---|---|---|
| 23 | 12/27/06 | 135 Neponset Avenue Unit #3 | TBW | $30,718.19  transfer of funds from Colonial Bank, N.A. in Kissimmee, Florida to FOLEY's IOLTA account at Citizens Bank |
| 24 | 12/27/06 | 135 Neponset Avenue Unit #5 | TBW | $133,163.40 transfer of funds from Colonial Bank, N.A. in Kissimmee, Florida to FOLEY's IOLTA account at Citizens Bank |
| 25 | 12/27/06 | 135 Neponset Avenue Unit #5 | TBW | $16,145.33 transfer of funds from Colonial Bank, N.A. in Kissimmee, Florida to FOLEY's IOLTA account at Citizens Bank |
| 26 | 12/27/06 | 135 Neponset Avenue Unit #33 | TBW | $164,411.99 transfer of funds from Washington Mutual Bank, F.A. in Stockton, California to FOLEY's IOLTA account at Citizens Bank |
| 27 | 12/27/06 | 135 Neponset Avenue Unit #33 | TBW | $20,469.33 transfer of funds from Colonial Bank, N.A. in Kissimmee, Florida to FOLEY's IOLTA account at Citizens Bank |
| 28 | 12/29/06 | 135 Neponset Avenue Unit #36 | Fremont | $182,808.54 transfer of funds from Capital Source Bank in Brea, California to FOLEY's IOLTA account at Citizens Bank |
| 29 | 12/29/06 | 135 Neponset Avenue Unit #36 | Fremont | $34,070.22 transfer of funds from Capital Source Bank in Brea, California to FOLEY's IOLTA account at Citizens Bank |
| 30 | 1/2/07 | 135 Neponset Avenue Unit #1 | TBW | $166,740.46 transfer of funds from Colonial Bank, N.A. in Kissimmee, Florida to FOLEY's IOLTA account at Citizens Bank |

| 31 | 1/2/07 | 135 Neponset Avenue Unit #1 | TBW | $30,975.51 transfer of funds from Colonial Bank, N.A. in Kissimmee, Florida to FOLEY's IOLTA account at Citizens Bank |
| 32 | 1/3/07 | 135 Neponset Avenue Unit #35 | Argent | $219,248.00 transfer of funds from Deutsche Bank Trust Co. to FOLEY's IOLTA account at Citizens Bank |
| 33 | 1/3/07 | 135 Neponset Avenue Unit #34 | Argent | $193,324.62 transfer of funds from Deutsche Bank Trust Co. Americas in New York, New York to FOLEY's IOLTA account at Citizens Bank |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS THIRTY FOUR through THIRTY EIGHT
### (Unlawful Monetary Transaction – 18 U.S.C. § 1957)

39.     The Grand Jury re-alleges and incorporates paragraphs 1 through 36 of this

Indictment, and further charges that:

40.     On or about the dates set forth below, in the District of Massachusetts and

elsewhere,

### MARC D. FOLEY,

the defendant herein, did knowingly engage and attempt to engage in monetary transactions, by,

through or to a financial institution affecting interstate or foreign commerce, in criminally derived

property of a value greater than $ 10,000, which was derived from specified unlawful activity, that is,

Wire Fraud, in violation of 18 U.S.C. § 1343:

| COUNT | DATE | MONETARY TRANSACTION | SPECIFIED UNLAWFUL ACTIVITY |
|-------|------|----------------------|------------------------------|
| 34 | December 19, 2006 | Check No. 14610 drawn on the IOLTA account of defendant FOLEY in the amount of $ 192,000.00 and deposited into Capital Trust LLC account No. XXXXXX0172 at Citizens Bank for the benefit of the Developer | Wire fraud scheme to obtain mortgage loan proceeds in connection with Unit # 23, 135 Neponset Avenue, Dorchester, Massachusetts on or about December 19, 2006 from Washington Mutual Bank, F.A. at Stockton, California |
| 35 | December 28, 2006 | Check No. 14823 drawn on the IOLTA account of defendant FOLEY in the amount of $ 199,697.12 and deposited into Mass Equity Holdings account No. XXXXXX6015 at Citizens Bank | Wire fraud scheme to obtain mortgage loan proceeds in connection with Unit # 46, 135 Neponset Avenue, Dorchester, Massachusetts on or about December 28, 2006 from Colonial Bank, N.A. at Kissimmee, Florida |

| 36 | January 2, 2007 | Check No. 14860 drawn on IOLTA account of defendant FOLEY in the amount of $ 209,775.84 and deposited into Mass Equity Holdings account No. XXXXXX6015 at Citizens Bank | Wire fraud scheme to obtain mortgage loan proceeds in connection with Unit # 21, 135 Neponset Avenue, Dorchester, Massachusetts on or about January 2, 2007 from Colonial Bank, N.A. at Kissimmee, Florida |
| 37 | January 12, 2007 | Check No. 30619 drawn on IOLTA account of defendant FOLEY in the amount of $ 175,087.47 and negotiated at Bank of America by the Developer | Wire fraud scheme to obtain mortgage loan proceeds in connection with Unit # 44, 135 Neponset Avenue, Dorchester, Massachusetts on or about January 12, 2007 from Bank of New York at New York City, New York |
| 38 | January 12, 2007 | Check No. 30632 drawn on IOLTA account of defendant FOLEY in the amount of $ 197,250.10 and negotiated at Bank of America by the Developer | Wire fraud scheme to obtain mortgage loan proceeds in connection with Unit # 22, 135 Neponset Avenue, Dorchester, Massachusetts on or about January 12, 2007 from One West Bank, F.S.B. (formerly Indy Mac Bank, F.S.B.) at Pasadena, California |

All in violation of Title 18, United States Code, Sections 1957 and 2.

## FORFEITURE ALLEGATIONS
### (18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 982(a)(2)(A) and 28 U.S.C. § 2461(c))

41.     Upon conviction of one or more of the offenses alleged in Counts One through Thirty Three of this Indictment, the defendant,

### MARC D. FOLEY,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses.

42.     If any of the property described in paragraph 41, above, as a result of any act or omission of the defendant –

> a.  cannot be located upon the exercise of due diligence;
>
> b.  has been transferred or sold to, or deposited with, a third party;
>
> c.  has been placed beyond the jurisdiction of this Court;
>
> d.  has been substantially diminished in value; or
>
> e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property described in  subparagraphs (a) through (e) of this paragraph.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and 982(a)(2),Title 28, United States Code, Section 2461(c).

43.     Upon conviction of one or more of the offenses alleged in Counts Thirty Four through
Thirty Eight of this Indictment, the defendant,

**MARC D. FOLEY**,

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property constituting, or
derived from, proceeds obtained, directly or indirectly, as a result of the offense.

44.     If any of the property described in paragraph 43, above, as a result of any act or
omission of the defendant –

> a.  cannot be located upon the exercise of due diligence;
>
> b.  has been transferred or sold to, or deposited with, a third party;
>
> c.  has been placed beyond the jurisdiction of this Court;
>
> d.  has been substantially diminished in value; or
>
> e.  has been commingled with other property which cannot be divided without
> difficulty;

it is the intention of the United States, pursuant to 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c),
incorporating 21 U.S.C. §853(p), to seek forfeiture of any other property of the defendant up to the
value of the property described in subparagraphs (a) through (e) of this paragraph.

All pursuant to Title 18, United States Code, Section 982(a) (1) and Title 28, United
States Code, Section 2461(c).

16

A TRUE BILL

FOREPERSON OF THE GRAND JURY

VICTOR A. WILD
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS; December 7th, 2011.

Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK    2:40 PM